IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| WISCONSIN MASONS HEALTH CARE FUND, WISCONSIN MASONS PENSION FUND, WISCONSIN MASONS APPRENTICESHIP AND TRAINING FUND, WISCONSIN MASONS IPF FUND, WISCONSIN MASONS 401(K) PLAN, GARY BURNS, BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND, INTERNATIONAL MASONRY INSTITUTE, BUILDING TRADES UNITED PENSION FUND, SCOTT REDMAN, BRICKLAYERS AND ALLIED CRAFTWORKERS DISTRICT COUNCIL OF WISCONSIN and INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, | ORDER<br><br>16-cv-687-bbc |

         Plaintiffs,
 v.

EXOTIC STONE & WOODWORKS, LLC and
GAIL M. CORKUM,

         Defendants.

---

  Plaintiffs filed this action under the Employee Retirement Income Security Act of 1974, seeking unpaid plan contributions and working dues. Dkt. #1. Defendant Gail Corkum filed an answer to the complaint, dkt. #6, but defendant Exotic Stone & Woodworks, LLC did not. Plaintiffs have filed a notice of voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(1)(I) as to defendant Exotic Stone. Dkt. #11. They also have filed a motion requesting that the court dismiss the action against defendant Gail

1

Corkum with prejudice under Fed. R. Civ. P. 41(a)(2), and that motion is now before the court. Dkt. #10.

Rule 41(a)(2) allows a plaintiff to dismiss "an action" on "terms that the court considers proper" after a defendant has filed an answer or a motion for summary judgment. Although Rule 41(a) is not the proper procedural vehicle to drop a party from an action, Taylor v. Brown, 787 F.3d 851, 857 (7th Cir. 2015), plaintiffs are dismissing their entire case and there are no pending counterclaims.

Accordingly, IT IS ORDERED that plaintiffs' motion to dismiss defendant Gail Corkum with prejudice under Fed. R. Civ. P. 41(a)(2), dkt. #10, is GRANTED. The clerk of court is directed to close this case.

Entered this 18th day of October, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge